UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY LANGNESE,

    Petitioner,

    v.

BOARD OF PAROLE HEARINGS,
ARNOLD SCHWARZENEGGER,
Governor,

    Respondent.

_____/

No. C 10-5163 PJH

**ORDER DENYING HABEAS PETITION**

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole by the Governor.

## BACKGROUND

    On April 9, 1986, Jeffrey Langnese ("Langnese") pled guilty to second-degree murder in a San Diego Superior Court. Langnese was sentenced to a term of fifteen years to life in State prison, and he began serving his term on September 17, 1986.

    Langnese's first hearing before the California Board of Parole ("the Board") was conducted on March 24, 1995, and subsequent hearings were held on April 24, 1998, July 30, 2002, and July 24, 2006. Langnese was denied parole at each of these hearings.

    Langnese's present petition for writ of habeas corpus stems from his fifth hearing before the Board on December 18, 2008, after which the Board granted Langnese parole for the first time. The Board based its decision on a determination that Langnese possessed an exemplary record of rehabilitation, and a lack of any evidence of his current dangerousness to society. However, following the Board's grant of parole, on

1  May 15, 2009, the Governor of California ("the Governor") reversed the Board's decision
2  granting parole.  Langnese subsequently filed a petition for writ of habeas corpus with the
3  San Diego County Superior Court challenging the Governor's decision, which the court
4  denied on September 29, 2009.  Langnese then filed a petition for writ of habeas corpus
5  with the California Court of Appeal, which the court denied on June 3, 2010.  The California
6  Supreme Court denied Langnese's petition for review on September 22, 2010.  Langnese
7  filed the instant petition on November 15, 2010.

Although Langnese broke down his argument into sub-claims, as the court noted in its December 9, 2010 order to show cause, Langnese's sole claim is that his continued incarceration due to the Governor's decision reversing the Board's grant of parole violates his due process rights because it was not supported by the evidence.  Langnese contends that the Governor arbitrarily relied on the facts of the crime, despite the fact that, given his exclusively positive programming, his excellent disciplinary record, staying completely violence-free throughout his incarceration, remaining clean and sober, and his indisputable psychological growth, the offense simply can no longer be relied on to support a finding that he falls into the public safety exception to suitability for parole.

On February, 4, 2011, respondent filed with this court a motion to dismiss Langnese's petition for writ of habeas corpus.  Respondent argues that Langnese's petition should be dismissed because Langnese fails to state a claim based on the United States Supreme Court's recent decision in *Swarthout v. Cooke*, 2011 WL 197627 (Jan. 24, 2011), and because Langnese failed to properly exhaust his sub-claims.

**DISCUSSION**

The court finds it unnecessary to determine whether Langnese has procedurally defaulted any of his sub-claims for failure to exhaust in state court.  Rather, following the United States Supreme Court's recent decision in *Swarthout*, the court reviews Langnese's petition on the merits.  *See* 2011 WL 197627.  As noted above, Langnese's claim is that his continued incarceration due to the Governor's decision reversing the Board's 2008 grant of

parole violates his due process rights because the decision was not supported by "some evidence" of his current threat to society if released.

In *Swarthout*, the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" 2011 WL 197627 at *2 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).  Therefore, the only two due process rights a prisoner has with regard to a parole eligibility hearing are: (1) a right to be heard; and (2) a right to a statement of reasons for a denial.

Here, there is no contention that Langnese was denied either an opportunity to be heard or a statement of reasons why parole was denied.  It is clear from the record that he in fact was allowed to be heard, and the Governor's decision – the decision at issue here – provides reasons for the denial.  *See* Exhs. A at 1-166; H at 601-602.  Consequently, the petition is without merit.

### CERTIFICATE OF APPEALABILITY

Given the clear controlling Supreme Court authority, a certificate of appealability ("COA") will be denied.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA standard).  Petitioner is advised that he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

### CONCLUSION

For the foregoing reasons, Langnese's petition for a writ of habeas corpus is DENIED.  All other motions are DENIED as moot.  A certificate of appealability is DENIED.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 11, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge