UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY LANGNESE,

    Petitioner,

    v.

BOARD OF PAROLE HEARINGS,
ARNOLD SCHWARZENEGGER,
Governor,

    Respondent.

_____/

No. C 10-5163 PJH

**ORDER DENYING MOTION
TO VACATE JUDGMENT**

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition was directed to a denial of parole by the Governor. On February 11, 2011, the court denied Langnese's habeas petition based on the United States Supreme Court's January 24, 2011 decision in *Swarthout v. Cooke*, 131 S.Ct. 859 (2011). On March 1, 2011, Langnese filed a motion to vacate judgment.

    In his motion to vacate judgment, Langnese mistakenly assumes the court denied his petition based on respondent's February 4, 2011 motion to dismiss the petition, and challenges the fact that he did not have an opportunity to oppose the motion to dismiss. That, however, is not the case. As it did in many of its similar habeas cases challenging a denial of parole by the Governor, the court denied Langnese's petition *sua sponte* based on the United States Supreme Court's decision in *Swarthout.* In its February 11, 2011 order, the court specifically stated that it found "it unnecessary to determine whether Langnese has procedurally defaulted any of his sub-claims for failure to exhaust in state court," as argued by respondent in his motion to dismiss. Instead, the court asserted, that "following

the United States Supreme Court's recent decision in *Swarthout*, [it] review[ed] Langnese's petition on the merits." See 2011 WL 197627. The court then held as follows:

> As noted above, Langnese's claim is that his continued incarceration due to the Governor's decision reversing the Board's 2008 grant of parole violates his due process rights because the decision was not supported by "some evidence" of his current threat to society if released.
>
> In *Swarthout*, the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" 2011 WL 197627 at *2 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Therefore, the only two due process rights a prisoner has with regard to a parole eligibility hearing are: (1) a right to be heard; and (2) a right to a statement of reasons for a denial.
>
> Here, there is no contention that Langnese was denied either an opportunity to be heard or a statement of reasons why parole was denied. It is clear from the record that he in fact was allowed to be heard, and the Governor's decision – the decision at issue here – provides reasons for the denial. See Exhs. A at 1-166; H at 601-602.[1] Consequently, the petition is without merit.

To the extent that Langnese argues in his motion to vacate that *Swarthout* lacks precedential value and does not foreclose the claims in his petition, the court notes that the Ninth Circuit has rejected such arguments post-*Swarthout*. See *Pearson v. Muntz*, 2011 WL 1238007 (9th Cir. April 5, 2011); *Roberts v. Hartley*, 2011 WL 1365811 (9th Cir. April 12, 2011); *Miller v. Oregon Bd. of Parole and Post Prison Supervision*, 2011 WL 1533512 (9th Cir. April 25, 2011).

For these reasons, the court DENIES Langnese's motion to vacate judgment.

## CERTIFICATE OF APPEALABILITY

Given the clear controlling Supreme Court authority, a certificate of appealability ("COA") will be denied. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA standard). Petitioner is advised that he may ask the court of appeals to issue a COA under Rule 22 of

---

[1] To the extent that Langnese for the first time asserts in his motion to vacate that his opportunity to appear before and be heard by the Board did not constitute an adequate opportunity to be heard, the court notes that argument is unexhausted and time-barred. See *Pearson*, 2011 WL 1238007 at *5 & n. 5 (holding same). Additionally, the court notes that as for the merits of any such argument, the record is to the contrary.

the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

Dated: May 16, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge